NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DIANA MYDELL,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2022-2298

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 21-1485, Judge Joseph L. Toth.

---

Decided: May 31, 2024

---

KENNETH M. CARPENTER, Law Offices of Carpenter Chartered, Topeka, KS, argued for claimant-appellant.

ANDREW JAMES HUNTER, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee. Also represented by BRIAN M. BOYNTON, WILLIAM JAMES GRIMALDI, PATRICIA M. MCCARTHY; BRIAN D. GRIFFIN, SAMANTHA ANN SYVERSON, Office of General Counsel,

United States Department of Veterans Affairs, Washington, DC.

————————————

Before REYNA, HUGHES, and CUNNINGHAM, *Circuit Judges.*

CUNNINGHAM, *Circuit Judge.*

Diana Mydell appeals from a decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") affirming the decision of the Board of Veterans' Appeals ("Board") finding Ms. Mydell was not entitled to an effective date earlier than January 9, 2007, for benefits for the grant of service connection for tinnitus. *Mydell v. McDonough*, No. 21-1485, 2022 WL 2255648 (Vet. App. June 23, 2022) ("*Decision*"). For the reasons discussed below, we *dismiss* the appeal for lack of jurisdiction.

## I. BACKGROUND

In 1993, Ms. Mydell applied for compensation benefits for hearing loss. *Decision* at *1; J.A. 15. The Department of Veterans Affairs ("VA") denied service connection for hearing loss in a December 1993 rating decision. *Decision* at *1; J.A. 23, 26. In May 1994, the VA sent Ms. Mydell a letter explaining that the one-year appeal period for her claim had expired and that the 1993 rating decision was final. *Decision* at *1; J.A. 27. In January 2007, Ms. Mydell requested the VA reopen her claim for hearing loss and requested service connection for tinnitus for the first time. *Decision* at *1; *see* J.A. 140. Subsequently, in February 2008, the VA issued a rating decision denying Ms. Mydell's claim for service connection for tinnitus and denying reopening of her claim for hearing loss. *Decision* at *1; J.A. 29.

Ms. Mydell appealed the rating decision. *Decision* at *1; J.A. 37. In 2012, the Board found that the 1993 rating decision had never actually become final and binding because of a mistake in the VA's 1994 letter, which

improperly informed her that the appeal period had run. *Decision* at \*1; J.A. 41. The Board remanded the case for re-adjudication of the issues of entitlement to service connection for hearing loss and tinnitus. *Decision* at \*1; J.A. 43. In 2014, the Board granted service connection for left ear hearing loss and tinnitus. *Decision* at \*1; J.A. 61. The Board remanded the claims for the VA to rate Ms. Mydell's conditions and to assign effective dates for her benefits. *Decision* at \*1. The VA assigned an evaluation of 10 percent effective January 9, 2007, for tinnitus. J.A. 64; *see Decision* at \*1. Ms. Mydell appealed this effective date decision to the Board. *Decision* at \*1; J.A. 122.

In February 2019, the Board denied an effective date earlier than January 9, 2007, for the grant of service connection for tinnitus. *Decision* at \*1; J.A. 124. In June 2020, the Secretary of Veterans Affairs entered into a joint motion for remand with Ms. Mydell, indicating that the Board's February 2019 decision did not contain an adequate statement of reasons and bases. *Decision* at \*2; *see* J.A. 130–34. The Veterans Court granted the joint motion for remand. J.A. 135.

On remand, the Board again found Ms. Mydell was not entitled to an effective date before January 9, 2007, for tinnitus because she had not submitted a claim for service connection for tinnitus prior to that date. *Decision* at \*2; *see* J.A. 137–41. In the November 2020 decision, the Board stated that "per the [joint motion for remand] the Board has considered the May 2012 Board remand" but the Board concluded "the May 2012 Board remand does not make any findings regarding a pending claim or claim to reopen for tinnitus." J.A. 140. Ms. Mydell appealed to the Veterans Court, arguing that the Board on remand failed to comply with the terms of the joint motion for remand. *Decision* at \*2; *see* J.A. 144–55.

The Veterans Court affirmed the Board's November 2020 decision. *Decision* at \*4. The Veterans Court found

"the record supports the Board's conclusion that Ms. Mydell did not submit a writing indicating an intention to seek disability benefits for tinnitus before January 2007." *Id.* at *3. The Veterans Court also "conclude[d] that the Board substantially complied with the 2020 [joint motion for remand] and, thereby, affirm[ed] [the Board's] finding that Ms. Mydell's initial 1993 hearing loss claim did not reasonably encompass a claim for tinnitus." *Id.* Ms. Mydell timely appeals.

## II. DISCUSSION

Our jurisdiction to review decisions of the Veterans Court is limited. *Wanless v. Shinseki*, 618 F.3d 1333, 1336 (Fed. Cir. 2010). We may review a Veterans Court decision with respect to the validity of a decision on a rule of law or the validity or interpretation of any statute or regulation that was relied on by the Veterans Court in making the decision. 38 U.S.C. § 7292(a). Except with respect to constitutional issues, we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." *Id.* § 7292(d)(2).

On appeal, Ms. Mydell argues the Veterans Court erred by failing to enforce the joint motion for remand. Appellant's Br. 13–14. However, "the essence of her argument is simply a disagreement with the Veterans Court over whether the [Board] adequately complied" with the terms of the joint motion for remand. *Dyment v. Principi*, 287 F.3d 1377, 1381 (Fed. Cir. 2002). The Veterans Court decision did not involve any questions regarding the validity of a decision on a rule of law or the validity or interpretation of a statute or regulation. Rather, the substantive question of whether the Board substantially complied with the terms of the joint motion for remand is not a question that can be reviewed without our examining the Veterans Court's application of law to fact—a task that we are prohibited from undertaking. *See id.* (finding that this court

lacked jurisdiction to review whether a specialist "adequately complied with [a] remand order").

Ms. Mydell argues *Dyment* is inapplicable because it was decided "prior to Congress's . . . enactment of the Veterans Benefits Act ('VBA') of 2002," which "expanded this [c]ourt's jurisdiction to include 'rule of law' jurisdiction." Appellant's Reply Br. 2–3.  But the 2002 amendments did not remove the limits to our jurisdiction that preclude review of the application of law to facts except when the appeal presents a constitutional issue.  *See* 38 U.S.C. § 7292 (as amended by Veterans Benefits Act of 2002, Pub.L. No. 107–330, § 402(a), 116 Stat. 2820, 2832).  The present case is one in which factual issues are so intertwined with the disputed conclusion drawn by the Veterans Court that a reviewing court would have to apply law to facts.  Moreover, Ms. Mydell's appeal does not raise any constitutional issue.  Accordingly, Ms. Mydell's appeal of the Veterans Court's decision is beyond this court's jurisdiction.

We have considered Ms. Mydell's remaining arguments and find them unpersuasive.  For the foregoing reasons, we *dismiss* Ms. Mydell's appeal for lack of jurisdiction.

### DISMISSED

COSTS

No costs.